UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LARRETTE SAMUEL

                     Plaintiff,              CIVIL ACTION NO. 1:23-cv-234

  -against-                                    COMPLAINT

Alfred A. Bingham, as
Temporary Executor of the
ESTATE OF CONSTANCE H. BUCHANAN

                     Defendant.
------------------------------------------------------------X

LARRETTE SAMUEL, respectfully alleges as follows:

### I.    Nature of Action, Jurisdiction and Venue

1. This is an action seeking equitable and legal relief for Constance H. Buchanan's ("Ms. Buchanan") violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Ms. Buchanan was domiciled within this judicial district.

5. Ms. Buchanan died on September 16, 2020. Alfred A. Bingham was appointed as the Temporary Executor of the Estate of Constance H. Buchanan (the "Estate") on July 8, 2022. The Preliminary Letters Testamentary are attached as **Exhibit A**.

### II.     Parties

6. Larrette Samuel ("Ms. Samuel") is an individual residing in the State of New York.

7. At all relevant times herein, Ms. Buchanan resided at 305 E. 24th Street, Apt. 8N, New York, NY 10010, New York County, State of New York.

8. At all relevant times herein, Ms. Samuel worked for Ms. Buchanan in New York County, and was an "employee" of Ms. Buchanan within the meaning of the New York Labor Law ("NYLL") and the N.Y. Comp. Codes R. & Regs. ("NYCRR").

9. At all relevant times, Ms. Buchanan was responsible for setting Ms. Samuel's schedule and day-to-day activities, and for supervising her performance.

10. At all relevant times, Ms. Buchanan had the power to discipline and terminate Ms. Samuel.

11. At all relevant times, Ms. Buchanan was responsible for compensating Ms. Samuel.

12. At all relevant times, Ms. Buchanan managed, supervised and controlled Ms. Samuel's compensation.

13. At all relevant times, Ms. Buchanan was an employer within the meaning of the FLSA and NYLL and, at all relevant times, she employed Ms. Samuel.

14. The Estate is subject to suit under the statutes alleged above.

### III.   Background

15.   As part of her regular practice, Ms. Buchanan intentionally, willfully and repeatedly harmed Ms. Samuel by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay Ms. Samuel the applicable overtime rate for all the time she worked in excess of 44 hours per week.

16.   Ms. Buchanan's unlawful conduct had been intentional, willful, and in bad faith, and it has caused significant damages to Ms. Samuel.

17.   Questions of law and fact:

   a. Whether Ms. Buchanan unlawfully failed to compensate Ms. Samuel at the applicable overtime rate for hours worked over 44 hours per week, in violation of 12 NYCRR § 142-2.2;

   b. Whether Ms. Buchanan unlawfully failed to provide Ms. Samuel with a payroll notice at the start of her employment, or at any time thereafter, in violation of NYLL § 195(1);

   c. Whether Ms. Samuel is entitled to liquidated or other damages, and if so, the means of measuring such damages;

   d. Whether the Estate is liable for Ms. Samuel's attorneys' fees and costs;

   e. Whether the Estate is liable for liquidated or other damages.

### IV.   Factual Allegations

18.   Ms. Samuel was hired by Ms. Buchanan on or about June 28, 2013.

19.   Ms. Samuel worked for Ms. Buchanan as a homecare aide or caretaker. In Ms. Samuel's role as a home care aide or caretaker, Ms. Samuel assisted Ms. Buchanan with most of her activities of daily living, including but not limited to preparing meals for Ms. Buchanan, taking

Ms. Buchanan to her appointments, assisting Ms. Buchanan with her personal hygiene and generally caring for and assisting Ms. Buchanan at substantially all or most times of the day.

20. Ms. Buchanan died on September 16, 2020.

21. Generally, throughout the entirety of Ms. Samuel's employment, Ms. Buchanan required Ms. Samuel to work, and Ms. Samuel did work, seven (7) days per week. Ms. Buchanan required Ms. Samuel to work, and Ms. Samuel did routinely work, approximately 120 hours per week.

22. From the beginning of Ms. Samuel's employment until September 16, 2020, Ms. Samuel worked 72 hours Mondays through Fridays, and 48 hours Saturdays through Sundays, or a total of approximately 120 hours per week.

23. Ms. Buchanan paid Ms. Samuel on a weekly basis.

24. Ms. Buchanan paid Ms. Samuel a base hourly rate of $25 per hour for all hours she worked Mondays through Fridays. Ms. Buchanan paid Ms. Samuel a base hourly rate of $37.50 for all hours she worked Saturdays through Sundays.

25. Since Ms. Buchanan paid Ms. Samuel a base hourly rate of $25 per hour for each of the 72 hours Ms. Samuel worked Mondays through Fridays, Ms. Buchanan failed to pay Ms. Samuel the statutorily required overtime compensation of one and one-half (1.5) times her regularly hourly rate of pay for each hour Ms. Samuel worked per week in excess of 44 hours.

26. Specifically, Ms. Buchanan failed to pay Ms. Samuel $37.50 per hour for each of the 28 hours Ms. Samuel worked in excess of 44 hours Mondays through Fridays.

27. Additionally, since Ms. Buchanan paid Ms. Samuel a base hourly rate of $37.50 per hour for each of the 48 hours Ms. Samuel worked Saturdays through Sundays, Ms. Buchanan failed to pay Ms. Samuel the statutorily required overtime compensation of one and one-half (1.5)

times her regularly hourly rate of pay for each hour Ms. Samuel worked per week in excess of 44 hours.

28. Specifically, Ms. Buchanan failed to pay Ms. Samuel $56.25 per hour for each of the 48 hours Ms. Samuel worked Saturdays through Sundays. This is because Ms. Samuel's base hourly rate for Saturdays through Sundays was $37.50.

29. Each hour that Ms. Samuel worked was for Ms. Buchanan's benefit.

30. Throughout Ms. Samuel's employment, Ms. Samuel was a non-exempt employee pursuant to the Fair Labor Standards Act of 1938 29 U.S.C. 201, *et seq.* ("FLSA") and the NYLL, and Ms. Samuel was entitled to receive the statutorily required overtime compensation of one and one-half (1.5) times her regularly hourly rate of pay for all hours Ms. Samuel worked over 44 hours per week.

31. However, despite routinely working more than 44 hours per week, Ms. Samuel was not paid any overtime compensation for any hours worked over 44 hours per week.

32. Ms. Buchanan also failed to furnish to Ms. Samuel, at the time she was hired or at any time thereafter, a notice containing her rate of pay, the designated payday, or other information required by NYLL § 195(1).

33. Ms. Buchanan violated federal and state law by willfully failing to pay Ms. Samuel overtime compensation owed to her.

### AS AND FOR A FIRST CAUSE OF ACTION
(Overtime Violations Under the FLSA)

34. Ms. Samuel repeats and realleges all allegations set forth above.

35. Pursuant to the applicable provisions of the FLSA, Ms. Samuel was entitled to overtime compensation of one and one-half (1.5) times her regular hourly rate of pay or the

applicable minimum wage, whichever is greater, for all hours worked in excess of 44 hours per week.

36. Ms. Samuel regularly worked in excess of 44 hours per week during her employment with Ms. Buchanan. In fact, Ms. Samuel regularly worked approximately 120 hours per week for Ms. Buchanan.

37. Throughout the relevant time period, Ms. Buchanan intentionally and willfully failed to pay Ms. Samuel the statutorily required overtime compensation of one and one-half (1.5) times her regularly hourly rate of pay for each hour Ms. Samuel worked in excess of 44 hours in a week.

38. As a result of Ms. Buchanan's violations of the law and failure to pay Ms. Samuel the required overtime wage, Ms. Samuel has been damaged and is entitled to recover from Ms. Buchanan all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

39. As Ms. Buchanan did not have a good faith basis that her failure to pay overtime wages was in compliance with the law, Ms. Samuel is entitled to liquidated damages.

40. Judgment should be entered in favor of Ms. Samuel and against the Estate on the First Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR THE SECOND CAUSE OF ACTION
(Overtime Violations Under the NYLL)

41. Ms. Samuel repeats and realleges all prior allegations set forth above.

42. Pursuant to the applicable provisions of NYLL § 650, *et seq.*, and 12 NYCRR § 142-2.2, Ms. Samuel was entitled to overtime compensation of one and one-half (1.5) times her regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of 44 hours per week.

43. Ms. Samuel regularly worked in excess of 44 hours per week during her employment with Ms. Buchanan. In fact, Ms. Samuel regularly worked approximately 120 hours per week for Ms. Buchanan.

44. Throughout the relevant time period, Ms. Buchanan intentionally and willfully failed to pay Ms. Samuel the statutorily required overtime compensation of one and one-half (1.5) times her regularly hourly rate of pay for each hour Ms. Samuel worked in excess of 44 hours in a week.

45. As a result of Ms. Buchanan's violations of the law and failure to pay Ms. Samuel the required overtime wage, Ms. Samuel has been damaged and is entitled to recover from the Estate all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

46. As Ms. Buchanan did not have a good faith basis to believe that her failure to pay overtime wages was in compliance with the law, Ms. Samuel is entitled to liquidated damages.

47. Judgement should be entered in favor of Ms. Samuel and against the Estate on the Second Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR THE THIRD CAUSE OF ACTION
(Failure to Provide Payroll Notices Under the NYLL)

48. Ms. Samuel repeats and realleges all prior allegations.

49. Ms. Buchanan failed to furnish to Ms. Samuel at the time of hire or at any time thereafter, notices containing her rate of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; her regular pay day designated by the employer; and other information required by NYLL § 195(1).

**50.**     As Ms. Buchanan failed to provide Ms. Samuel with a payroll notice as required by NYLL § 195(1), Ms. Samuel is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**51.**     Judgement should be entered in favor of Ms. Samuel and against the Estate on the Fourth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

*[The Remainder of this Page is Intentionally Left Blank.]*

**WHEREFORE** Ms. Samuel prays for relief as follows:

a) On the First Cause of Action for all overtime wages due to Ms. Samuel, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) On the Second Cause of Action for all overtime wages due to Ms. Samuel, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) On the Third Cause of Action on behalf of Ms. Samuel for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

d) Interest, costs and disbursements; and

e) Such other and further relief as the Court deems just and proper.

Sworn to before me this
____ day of November, 2022

_____
Notary Public

**Larrette Samuel**

Abraham S. Mazloumi, Esq.
ABRAHAM MAZLOUMI & ASSOCIATES
ATTORNEYS AT LAW, P.C.
*Attorney for Larrette Samuel*
175 East Shore Road
Great Neck, NY 11023
Phone: 516-466-7526
Abraham@Mazloumi.com

F H FERDIE HEADLAM
Notary Public - State of New York
NO. 01HE6104386
Qualified in Kings County
My Commission Expires Jan 20, 2024