UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LARRETTE SAMUEL

                Plaintiff(s)

  -against-

Alfred A. Bingham, as
Temporary Executor of the
ESTATE OF CONSTANCE H. BUCHANAN

                Defendant(s).
-----------------------------------------------------------------X

**ORDER**

CIVIL ACTION NO. 1:23-cv-234

The Court has reviewed the Stipulation of Settlement set forth above and the terms and conditions of the Stipulation of Settlement attached to this Order as Exhibit "A" and incorporated in this Order as if fully set forth in it. Accordingly,

IT IS ORDERED that:

1. This matter is dismissed with prejudice;

2. The dismissal is expressly conditioned on the terms and conditions of the Settlement Agreement attached to and incorporated in this Order; and

3. The Court retains jurisdiction of this matter for the purposes of taking any action needed to enforce the terms of the attached Stipulation of Settlement, which is a part of this Order.

The Clerk of Court is directed to close this case.

Dated: February 16, 2024

_____
U.S. District Judge

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LARRETTE SAMUEL

                Plaintiff(s)                    CIVIL ACTION NO. 1:23-cv-234

   -against-

Alfred A. Bingham, as
Temporary Executor of the
ESTATE OF CONSTANCE H. BUCHANAN

                Defendant(s).
-------------------------------------------------------------X

## STIPULATION OF SETTLEMENT

WHEREAS, the Plaintiff Larrette Samuel ("Plaintiff") and Defendant Alfred A. Bingham, as Temporary Executor of the Estate of Constance H. Buchanan ("Defendant") desire to resolve, settle and agree to dismiss with prejudice any and all claims which Plaintiff has made in or by the Complaint ("Complaint") in the above-captioned action pending in U.S. District Court for the Southern District of New York (the "Lawsuit") without further litigation or adjudication;

WHEREAS, Plaintiff and Defendant understand and agree that Defendant denies each and every allegation of liability and/or wrongdoing, including, but not limited to, the allegations and statements contained in pleadings in the Lawsuit and any other matter or thing whatsoever;

WHEREAS, a dispute exists as to Plaintiff's claims for alleged unpaid overtime wages;

WHEREAS, Plaintiff and Defendant understand and agree that neither the making of this Stipulation of Settlement (the "Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendant or any other person or entity of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Plaintiff's alleged employer's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

WHEREAS, the Lawsuit shall be dismissed in its entirety and with prejudice by this Court pursuant to this Stipulation of Settlement that shall be executed by Plaintiff, Defendant, and counsels for Plaintiff and Defendant, as set forth below:

1

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:

1. **Definition of Parties.**

"Releasor" shall be defined as the Plaintiff in this Lawsuit for herself and on behalf of any of her heirs successors, and counsel; and Releasee shall be defined to be the Defendant herein, and any otherwise related persons or entities who Plaintiff claims employed her within the meaning of the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL") at any time during her employment with Constance H. Buchanan, deceased.

2. **Plaintiff's Commitments.** In exchange for the promises set forth in paragraph "3" below, Plaintiff agrees as follows:

(a) Plaintiff will sign this Agreement, and she authorizes her attorneys to execute this Agreement;

(b) After consultation with counsel, Plaintiff knowingly and voluntarily releases and forever discharges Defendant and all other Releasees of and from any and all claims of any kind arising under the Fair Labor Standards Act, the New York Labor Law, or any other right to wages, known or unknown, that she has or may have based upon any conduct occurring up to and including the date the Plaintiff executes this Agreement. Plaintiff is waiving all claims the Plaintiff now has, previously had or couldhave in the future now and forever, including any claims of attorney's fees, costs and interest, arising out of these proceedings.

(c) Plaintiff understands and agrees that the Settlement Amount (described in Paragraph 3, below) is in full satisfaction of any and all obligations Defendant or Releasee may have with respect to Plaintiff's claims for alleged unpaid wages, unpaid overtime, failure to provide any required statements, liquidated damages, interest, and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and/or any other applicable wage hour and wage payment laws, rules or regulations for any alleged wage and hour violation that has occurred up to the date Plaintiff executes this Agreement (collectively referred to as the "Wage Claims");

(d) Releasor releases, waives, acquits and forever discharges Releasee from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which Plaintiff may have or claim to have against any of the Releasee regarding any matter in connection with her pay, her rate(s) of pay, overtime pay, minimum wage violations, spread of hours, Wage Theft Prevention Act violations, recordkeeping violations, and any other claims or allegations made in the Lawsuit, as well as any related attorney's fees and/or costs incurred in the prosecution of this litigation, whether claim was made for same or not in the Lawsuit.

3. **Defendant's Commitments.** In exchange for the promises made herein by Plaintiff contained in Paragraph 2, above, and in the other provisions of this Agreement, Defendant agrees as follows:

(a) Defendant agrees to provide to Plaintiff, through her counsel, the total settlement sum of Fifty Thousand Dollars and No Cents ($50,000.00) ("the Settlement Amount"), inclusive of interest and attorney's fees, in consideration for and in full satisfaction of the Wage Claims Plaintiff has or may have against Defendant or any other Releasee, whether known or unknown, asserted or unasserted for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement.

(b) Defendant shall deliver the Settlement Amount to Plaintiff and her counsel within thirty (30) days of the date the Court signs this Agreement. The Settlement Amount shall be allocated as follows:

- One check made payable to "Abraham Mazloumi & Associates, as Attorneys" in the amount of Fifty Thousand Dollars and No Cents ($50,000.00).

(c) Defendant shall deliver the Settlement Amount due to Plaintiff and her counsel, attention: Abraham S. Mazloumi, Abraham Mazloumi & Associates, via overnight delivery service, to the following address: 175 East Shore Road, Upper Level, Great Neck, New York 11023.

**4. Default; Notice to Cure.**

If Defendant fails to pay the Settlement Amount as provided for in Paragraph 3 or should one of more checks be returned for insufficient funds ("Default"), Plaintiff or her counsel shall notify Defendant through his counsel of the Default in writing ("Notice of Default"). The Notice of Default shall be delivered to Defendant via his counsel, Stewart A. McMillan, Esq., via email at Stewart@MCMlawyer.com and by USPS first class mail to 707 Westchester Avenue, Suite 405, White Plains, NY 10604, demanding payment as aforesaid. Delivery of the Notice of Default by email shall constitute receipt of the Notice of Default by Defendant.

If Plaintiff and her counsel are not in receipt of the Settlement Amount within ten (10) days from the date of Defendant's counsel's receipt of the Notice of Default, Plaintiff may file suit for breach of this Agreement and recover from Defendant the amount of Fifty Thousand Dollars and No Cents ($50,000.00), less any payments already made under this Agreement.

In addition, Plaintiff shall also have the right to recover from Defendant all reasonable attorneys' fees and costs incurred by Plaintiff which result from Plaintiff's or her counsel's efforts to enforce this Agreement, beginning from the date on which the Notice of Default was sent. Plaintiff shall be entitled to make an application for reasonable attorneys' fees to the Court.

**5. Non-Admission of Wrongdoing.** Plaintiff and Defendant agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability, wrongdoing, or unlawful conduct of any kind by Defendant.

**6. Mutual Non-Disparagement.** Unless required to do so by legal process, Plaintiff agrees not to make, or cause to be made, any disparaging statement, representations, comments, or publication ("Disparaging Statements"), whether orally or in writing, by word or gesture, to any

person whatsoever about Defendant, including any of his respective agents, employees, attorneys, insurers, representatives, successors, executors, administrators, and assigns. For the purposes of this paragraph, a Disparaging Statement is any communication made for the purpose of directly or indirectly adversely impacting the business or reputation of the person or entity to whom or which the communication relates. This provision shall not be interpreted to prevent Plaintiff from making truthful statements concerning her employment with Constance H. Buchanan, deceased, this Lawsuit and the allegations therein, or this Agreement, nor shall it be interpreted to prevent Defendant from making truthful statements concerning Plaintiff's employment with Constance H. Buchanan.

7. **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

8. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed original and in full force and effect.

9. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its choice of law considerations, and shall bind the parties and their respective heirs, estates, successors, and assigns. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

10. **Venue.** Any action or proceeding by either of the parties to enforce this Agreement shall be brought in the Southern District of New York. The parties hereby irrevocably submit to the non-exclusive jurisdiction of this court and waive the defense of inconvenient forum to the maintenance of any action or proceeding in such venue.

11. **Severability.** Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

12. **Advice of Counsel.** Plaintiff acknowledges that she has had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of her choosing. Plaintiff and Defendant hereby represent that they have consulted with their attorney(s) about the Agreement before signing it. The parties further acknowledge that they have read this Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully competent to enter into this Agreement, that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

**13. Voluntary Agreement.** Plaintiff and Defendant agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

**14. No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

**15. No Modification Except in Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

**16. Execution.**

(a) The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendant. Plaintiff fully understands that this Agreement generally releases, settles, bars, and waives any and all Wage Claims that she possibly could have against Releasee. Plaintiff further represents that she is fully satisfied with the advice and counsel provided by her attorneys.

(b) Upon the complete execution of this Agreement, Plaintiff's counsel and Defendant's counsel shall sign the Stipulation and Order of Dismissal with Prejudice, and Plaintiffs counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement.

(c) Plaintiff fully understands the terms of this Agreement.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HER COUNSEL, ABRAHAM MAZLOUMI & ASSOCIATES, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEE.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Stipulation of Settlement as follows:

_____
LARRETTE SAMUEL, Plaintiff

_____
ALFRED A. BINGHAM, as Temporary Executor of the Estate of Constance H. Buchanan

_____
ABRAHAM S. MAZLOUMI, ESQ.
Abraham Mazloumi & Associates
Attorneys at Law, P.C.
*Attorneys for Plaintiff*
175 East Shore Road
Great Neck, NY 11023
Phone: (516) 466-7526
Email: abraham@mazloumi.com

_____
Stewart A. McMillan, Esq.
Law Offices of Stewart A. McMillan
*Attorneys for Defendant*
707 Westchester Avenue, Suite 405
White Plains, NY 10604
Phone: (914) 358-4326
Email: stewart@mcmlawyer.com

The parties' settlement agreement is approved by the Court. The parties will submit a stipulation of dismissal by February 16, 2024.

SO ORDERED:

*Paul G. Gardephe*
U.S. District Judge
February 12, 2024

6